UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NATHANIEL STEWART,

    Petitioner,

v.                                Case No.  3:13cv564/MCR/CJK

JULIE L. JONES,[1]

    Respondent.
_____/

ORDER and
REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 4). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 20). Petitioner replied. (Docs. 25, 30). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The

---

[1]Julie L. Jones succeeded Michael D. Crews as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent. Fed. R. Civ. P. 25(d).

undersigned further concludes that the pleadings and attachments before the court show that petitioner is not entitled to federal habeas relief.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by amended information filed in Escambia County Circuit Court Case No. 11-CF-1963, with burglary of an unoccupied structure (Count 1) and petit theft (Count 2). (Doc. 20, Ex. C, pp. 1-7).[2] Petitioner went to trial, and a jury found him guilty as charged. (Ex. C, pp. 32-33). By judgment rendered June 14, 2012, petitioner was adjudicated guilty and sentenced on Count 1 to 89.5 months imprisonment with 101 days credit for time served, and on Count 2 to time served. (Ex. C, pp. 206-212). Petitioner's judgment of conviction was affirmed on direct appeal, per curiam and without a written opinion, on March 21, 2013. *Stewart v. State*, 145 So. 3d 102 (Fla. 1st DCA 2013) (Table) (copy at Ex. N).[3]

On April 25, 2013, petitioner filed a second motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800. (Ex. Q, pp. 1-5). The state circuit court dismissed the motion without prejudice on April 30, 2013. (Ex. Q, pp. 6-22). The Florida First District Court of Appeal ("First DCA") per curiam affirmed without a written opinion. *Stewart v. State*, 125 So. 3d 156 (Fla. 1st DCA 2013) (copy at Ex. R). The mandate issued December 10, 2013. (Ex. S).

---

[2]All references to exhibits are to those provided at Doc. 20, unless otherwise noted. If a cited page has more than one page number, the court cites to the typed page number appearing at the bottom center of the page.

[3]Prior to and during the pendency of petitioner's direct appeal, petitioner filed several *pro se* motions in the trial court (Exs. E, F, G, H, I), all of which were denied or stricken (Ex. C, pp. 221-228; Ex. J).

On July 11, 2013, petitioner filed a *pro se* petition for writ of habeas corpus in the state circuit court. (Ex. U, pp. 1-4). On July 23, 2013, the state court dismissed the petition on procedural grounds and for lack of jurisdiction. (*Id*., pp. 5-9). The First DCA per curiam affirmed without a written opinion. *Stewart v. State*, 141 So. 3d 185 (Fla. 1st DCA 2013) (copy at Ex. Y). The mandate issued July 10, 2014.

During the pendency of the state habeas appeal, petitioner filed his federal habeas petition in this court (doc. 1), which he later amended (doc. 4). The amended petition raises four claims: (1) insufficient evidence to sustain the burglary conviction; (2) insufficient evidence to sustain the theft conviction; (3) the trial court erred in denying a judgment of acquittal; and (4) the verdict was contrary to the weight of the evidence. (Doc. 4, pp. 5-10). Respondent asserts that this court lacks jurisdiction to consider any challenge to petitioner's petit theft conviction (Count 2), because petitioner was not "in custody" under that conviction and sentence at the time he filed his federal petition. (Doc. 20, pp. 14-16). Respondent asserts that petitioner's challenges to his burglary conviction fail for one or more of the following reasons: (1) the claim is not cognizable on federal habeas review because it presents a purely state law issue; (2) the claim is procedurally defaulted; (3) the claim is without merit. (Doc. 20, pp. 6-17).

## DISCUSSION

<u>Claim(s) Challenging Petitioner's Petit Theft Conviction</u>

Habeas corpus relief is available only to those who are "in custody" in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is <u>in custody</u> in violation of the Constitution or law or treaties

of the United States") (emphasis added). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989) (per curiam). Although courts have traditionally interpreted the "in custody" requirement liberally to include situations where the sentence in question enhances or delays the commencement of another sentence, that circumstance does not exist here, because petitioner's sentence on the petit theft conviction was fully served on the day it was imposed. The petit theft sentence had no effect on the commencement of petitioner's burglary sentence – the sentence he is presently serving. As it is evident from the record that petitioner was no longer "in custody" under the petit theft conviction at the time he filed his federal habeas petition, this court is without jurisdiction to consider petitioner's challenge(s) to that conviction and sentence. *See, e.g., Sweet v. McNeil*, 345 F. App'x 480, 482 (11th Cir. 2009) (holding that district court lacked subject matter jurisdiction to consider ground two of petitioner's habeas petition, in which petitioner claimed counsel was ineffective for failing to assert a double jeopardy challenge to petitioner's convictions for simply battery and burglary with assault or battery; petitioner was no longer "in custody" on the simple battery conviction when he filed his petition; petitioner's sentences on the two charges ran concurrently, and petitioner's shorter sentence on the simple battery conviction expired prior to petitioner's filing his federal habeas petition).[4]

---

[4] The undersigned cites *Sweet* only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Petitioner's Ground Two, and any aspect of petitioner's remaining claims that could be construed as challenging petitioner's petit theft conviction, should be dismissed for lack of subject matter jurisdiction.

Claims Challenging Petitioner's Burglary Conviction

    A.    Ground One: "Insufficient evidence for burglary conviction." (Doc. 4, p. 5).

Petitioner alleges the following in support of this claim: "State did not prove that petitioner entered owner Edwards burnt-out house which was their duty according to the charging document." (Doc. 4, p. 5). Petitioner asserts he exhausted this claim by presenting it on direct appeal. (*Id*.).

Respondent argues that this claim does not present a claim upon which federal habeas relief may be granted, because petitioner simply asserts that the evidence against him was insufficient and does not identify any federal-law basis for his claim. (Doc. 20, p. 7). Respondent argues that even if construed as presenting a federal due process challenge to the sufficiency of the evidence, the claim must be rejected as procedurally defaulted because in petitioner's motion for judgment of acquittal and on direct appeal, petitioner presented his claim as a purely state-law issue and failed to apprise the state courts of the federal constitutional nature of his claim. (*Id*., p. 12). In the alternative, respondent asserts that even if this claim could be considered on the merits as a federal claim, it should be rejected as devoid of merit. (*Id*., pp. 12-14).

Petitioner replies that his claim has merit. Petitioner does not address respondent's procedural default argument. (Docs. 25, 30).

To the extent Ground One can be liberally construed as raising a <u>federal constitutional</u> challenge to the sufficiency of the evidence, the claim is procedurally defaulted because petitioner did not present the federal constitutional nature of his

claim to the state courts. Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[5] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Hittson v. GDCP Warden*, 759 F.3d 1210, 1260 n.56 (11th Cir. 2014) ("Where a return to state

---

[5]Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i) there is an absence of available State corrective process; or

        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

court would be futile – because the petitioner's claims would clearly be barred by state procedural rules – a federal court can 'forego the needless judicial ping-pong' and treat unexhausted claims as procedurally defaulted." (*quoting Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998))); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Petitioner raised one claim on direct appeal – a state sufficiency of the evidence claim that relied on Florida's heightened burden of proof in cases involving circumstantial evidence. (Doc. 20, Ex. K). Petitioner's appellate counsel summarized the claim as follows:

> Appellant contends the evidence at trial was legally insufficient to prove that appellant committed a burglary or theft. Although Phillip Smith saw people in the yard, and one person was carrying copper pipe and a screen, he did not know where the property came from, and he admitted that there were vagrants in and out of the burned house and illegal dumping on the property. Mr. Gary Edwards saw two people moving around in the back of the house and on the back porch, carrying an iron tub and a bunch of other stuff. Neither Smith nor Edwards identified appellant as one of the people on the property. Appellant was in his truck beside the property when Edwards and Smith drove by and when Deputy Rubles arrived, and there was scrap metal in the bed of his truck, but the property in the truck was not inventoried, and Edwards did not identify the scrap metal as his property or as having come from his mother's house.
>
> Because there was no evidence that the scrap metal in Stewart's truck came from the abandoned house, it was error for the state to rely on the inference arising from possession of recently stolen property. Without that inference, there was simply no evidence that appellant committed either a burglary or theft. While the circumstantial evidence may have suggested guilt, it failed to refute appellant's reasonable hypothesis of innocence that he was never in the house or on the property, that the scrap metal in his truck did not come from the house but had been illegally dumped there, and even if the scrap metal came from Edwards' property, appellant did not know it was stolen.
>
> The trial court thus erred in denying appellant's motion for judgment of acquittal, and appellant is entitled to discharge.

(Ex. K, pp. 12-13).

Although Florida courts assess the sufficiency of the evidence under the reasonable doubt standard applied in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) when a defendant claims there was a total failure of proof,[6] the basis of petitioner's argument was that the evidence of his participation failed under Florida's circumstantial evidence standard. (Ex. K, p. 14). Petitioner articulated the relevant standard as follows:

> When a conviction is based upon circumstantial evidence, a special standard of review applies. Where the only proof of guilt is circumstantial, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence, no matter how strongly the evidence may suggest guilt." State v. Law, 559 So. 2d 187, 188 (Fla. 1989).

(Ex. K, p. 14). This is a higher standard of proof than the *Jackson* standard. *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 451 (11th Cir. 2015) (recognizing that Florida's circumstantial evidence standard imposes a "heightened burden of proof in cases involving circumstantial evidence").

Petitioner did not say, or even suggest, that his claim was a federal claim about due process. Petitioner's direct appeal brief cited exclusively to state law cases and all of his substantive arguments addressed the State's failure to meet Florida's circumstantial evidence standard. (Ex. K, pp. 14-18). None of the state cases petitioner cited were decided on federal grounds. Petitioner made no reference to the United States Constitution or federal law, and he cited no federal cases, let alone *Jackson v. Virginia*. Nothing in petitioner's direct appeal argument would have

---

[6]The standard under *Jackson* is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319 (emphasis in original).

alerted the state court to the presence of a federal claim about due process or the Fourteenth Amendment. *See Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004) ("[A] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"). Petitioner failed to exhaust his federal due process claim. The Eleventh Circuit's decision in *Preston, supra*, supports this conclusion. The court in *Preston* explained:

> Preston must show that he exhausted state court remedies for challenging his conviction. He does not, and did not. Before the Florida Supreme Court, Preston brought only a state sufficiency of the evidence claim, and relied on Florida's heightened burden of proof in cases involving circumstantial evidence. Notably, neither his claim nor his briefs cited to any federal cases, let alone *Jackson v. Virginia*; he did not mention the *Jackson* standard; he did not cite to the Due Process Clause of the Fourteenth Amendment or any other federal constitutional provisions; indeed, he did not even mention the word "federal" or refer to federal law in any other way. Because Preston did not make the state court aware that his claim included a federal constitutional claim, he did not fairly present his federal claim to the Florida courts, and he is procedurally barred from asserting it now. The petitioner, after all, was obliged to first give the state courts a meaningful opportunity to address his federal claim. This he did not do.

*Id*. at 451.

Petitioner is barred by state procedural rules from returning to state court to exhaust a *Jackson*-based insufficient evidence claim. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and

sentence."). Petitioner's claim is procedurally defaulted from federal habeas review. Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars review of Ground One.

To the extent petitioner seeks federal habeas relief on the ground that the state courts misapplied Florida's circumstantial evidence standard in rejecting his claim, that argument provides no basis for federal habeas relief, because it involves a purely state-law question. Federal habeas relief is available to correct only constitutional injury. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations and citations omitted)); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)).

In the past, the Eleventh Circuit has indicated:

> Only in a case where the failure to meet a higher state burden of proof raises independent constitutional concerns – for example, a violation of due process through the arbitrary or discriminatory failure to apply a

> state procedural rule – would a federal court on collateral review examine the evidence to determine whether the state had met its self-imposed burden.

*Bishop v. Kelso*, 914 F.2d 1468, 1473 (11th Cir. 1990) (footnote omitted). Petitioner has not attempted to make a showing that the state's failure was in some way arbitrary or discriminatory. Petitioner's Ground One provides no basis for federal habeas relief.

  B. Ground Three: "Judgment of acquittal should have been granted." (Doc. 4, p. 8).

Petitioner alleges the following in support of this claim: "Court should have granted acquittal after hearing and seeing the evidence was insufficient for a conviction instead of allowing the jury [to] decide the case." (Doc. 4, p. 8). Petitioner asserts he presented this claim to the state courts on direct appeal. (*Id.*). Respondent asserts this claim is a reiteration of petitioner's first and second claims challenging the trial court's denial of a judgment of acquittal, and should be denied for the reasons stated above. (Doc. 20, p. 16). Petitioner replies that his claim has merit. (Docs. 25, 30).

Respondent is correct. To the extent this claim challenges petitioner's burglary conviction, the claim should be denied for the reasons set forth in Ground One. *See supra* Ground One. To the extent this claim challenges petitioner's petit theft conviction, the claim should be dismissed for lack of jurisdiction because petitioner was not "in custody" for that conviction at the time his petition was filed.

  C. Ground Four: "Verdict was contrary to weigh [sic] of evidence." (Doc. 4, p. 10).

Petitioner alleges the following to support this claim:

> When there was no verified evidence of alleged stolen items in charging document; shown/presented on defendants truck to jury; or even confirmed testimony from witnesses; neither a affirmation from an investigating officer; at trial nor at the scene by a photo thereof.

(Doc. 4, p. 10). Petitioner asserts he exhausted this claim by presenting it on direct appeal. (*Id*.). Respondent argues that this claim involves a purely state-law concept and cannot serve as the basis for federal habeas relief. (Doc. 20, pp. 16-17).

As respondent points out, a Florida trial court's authority to grant a new trial as against the weight of the evidence is derived from state law. *See* Fla. R. Crim. P. 3.600(a)(2). Florida Rule of Criminal Procedure 3.600(a) states, in pertinent part, that "the court shall grant a new trial if . . . [it] is established . . . [that][t]he verdict is contrary to law or the weight of the evidence." Fla. R. Crim. P. 3.600(a)(2). "In deciding a motion for new trial which asserts that the verdict is contrary to the weight of the evidence 'the trial court acts as a safety valve by granting a new trial where the evidence is technically sufficient to prove the criminal charge but the weight of the evidence does not appear to support the jury verdict.'" *Moore v. State*, 800 So. 2d 747, 749 (Fla. 5th DCA 2001) (*quoting State v. Hart*, 632 So. 2d 134, 135 (Fla. 4th DCA 1994)) (internal quotation marks and citation omitted); *Tibbs v. State*, 397 So. 2d 1120, 1123 (Fla. 1981) (explaining that weight "is a determination of the trier of fact that a greater amount of credible evidence supports one side of an issue or cause than the other"). A claim that the verdict was against the weight of the evidence presents an issue of state law and is not cognizable on federal habeas review. *See Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir.1985) ("A federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence."); *Ex parte Craig*, 282 F. 138, 148 (2d Cir.

Case 3:13-cv-00564-MCR-CJK   Document 32   Filed 07/02/15   Page 14 of 15

Page 14 of 15

1922) ("[A] writ of habeas corpus cannot be used to review the weight of evidence. . . ."); *Cameron v. Birkett*, 348 F. Supp. 2d 825, 838 (E.D. Mich. 2004) (holding that a claim that the verdict was against the weight of the evidence "presents a state law issue which is not cognizable on habeas review" (citing cases)). Petitioner's Ground Four provides no basis for federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall change the docket to reflect that Julie L. Jones has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1.  That the amended petition for writ of habeas corpus (doc. 4), challenging the judgment of conviction and sentence in *State of Florida v. Nathaniel Stewart*, Escambia County, Florida, Circuit Court Case Number 11-CF-1963, be DISMISSED to the extent petitioner challenges his petit theft conviction, and DENIED to the extent petitioner challenges his burglary conviction.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 2nd day of July, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.